The opinion of the Court was delivered by
Tilghman. C. J.
In this case, the parties entered into an agreement of reference of a very special nature. The referees were authorised, not only to decide all accounts, contracts, bargains and differences subsisting between the parties, but also to make a division of a certain personal property, and the award was to be made by the three referees ora majority of them, under, their hands and seals. Two of the referees made an award in writing, under1 their hands, but not under their seals ; and on this award judgment was entered, the agreement of reference having been made a rule of Court. It is now said, in support of the judgment, that the seals of the referees were immaterial, but no authority has been shewn in support of this position. A case has been cited from Barnes’s Notes, ('Gatliffe v. Dunn,) in which it was decided, that an award not indented was - good, though in the submission to arbitration, it was provided, that it should be indented. The Court are.said to have made very light of the objection, declaring, that indenting, was of no more consequence than writing upon gilt paper. Without questioning the authority of that case, it may be observed, that sealing is considered in law as a matter of some importance, and, if the parties who submit to an arbitration, think proper to agree, that the award- shall be under seal, I know not why the Court should contradict them, or render their agreement a nullity by declaring that a seal was a matter of no importance. That an award must be under seal, when *207 .the submission requires it, was decided by the Supreme Court of New York in Stanton v. Henry, 11 Johns. 133, and the law is so laid down in Kyd on Awards, 262; and was so decided in the case of Sallows v. Girling, reported in Cro. Jac. 27, and Yelv. 203, and referred to in 3 Vin. Ab. 116. From a view of the agreement in this case, I consider the rulé of reference as entered under the old Act of 1705, and therefore not subject to the provisions of the late arbitration Acts. Many objections to the award have been urged by the' counsel for the plaintiff in error, but the Court confines, itself to one, which it considers fatal, viz. the want of seals. It is our opinion that the J udgment should be reversed.
Judgment reversed.